IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM STAPLES,**

         Petitioner,

v.                    //    CIVIL ACTION NO. 1:16CV41
                                    (Judge Keeley)

**TERRY O'BRIEN, Warden,**

         Respondent.


### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24]

On March 15, 2016, the pro se petitioner, William Staples ("Staples"), filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Dkt. No. 1). Pursuant to 28 U.S.C. § 636 and LR PL P 2, the Court referred the Petition to the Honorable Robert W. Trumble, United States Magistrate Judge, for initial review. Pending before the Court is Magistrate Judge Trumble's Report and Recommendation ("R&R") (Dkt. No. 24). For the reasons that follow, the Court **ADOPTS** the R&R (Dkt. No. 24), **GRANTS** the respondent's motion to dismiss or for summary judgment (Dkt. No. 16), and **DENIES** and **DISMISSES WITH PREJUDICE** the Petition (Dkt. No. 1).

### I. BACKGROUND

In his Petition, Staples claims that the federal Bureau of Prisons ("BOP") unlawfully revoked his good time credit. Id. at 5. More particularly, he alleges that the BOP violated his due process rights in connection with its adjudication of four disciplinary

incident reports. Id. at 5-7. Each of the incident reports resulted in a finding by the Disciplinary Hearing Officer ("DHO") that Staples was guilty of violating prison rules.[1] On May 6, 2016, the respondent filed a motion to dismiss or for summary judgment (Dkt. No. 16), arguing that, in each of the disciplinary proceedings at issue, it had provided Staples with due process under the Constitution (Dkt. No. 17 at 11).

In his R&R, Magistrate Judge Trumble noted that prison disciplinary proceedings are not criminal prosecutions, and prisoners are thus entitled only to a limited range of due process rights (Dkt. No. 24 at 9). In particular, he outlined the requirements of due process defined by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974), concerning when a disciplinary proceeding may result in the loss of good time credit (Dkt. No. 24 at 9):

> Under Wolff, the inmate is entitled to the following: (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) written findings as to the evidence relied upon and reasons for the disciplinary action; and (3) the right to call witnesses and present evidence in his defense, provided there is no undue hazard to institutional safety or correctional goals. Additionally, an inmate should be permitted to seek counsel substitute (a fellow inmate or a prison employee)

---

[1] Magistrate Judge Trumble's R&R contains a more detailed summary of the incident reports as well as the proceedings at issue (Dkt. No. 24 at 2-5).

> if he is illiterate or in complex cases that he cannot handle alone, and he is entitled to have the charges adjudicated by a fair and impartial tribunal.

Randall v. Pettiford, 2011 WL 587003, at *2 (D.S.C. Jan. 21, 2011) (internal citation omitted) (citing Wolff, 418 U.S. at 563-71). In addition, "some evidence" must support the BOP's decision. Superintendent v. Hill, 472 U.S. 445, 454-56 (1985). After carefully reviewing each incident report and the record of Staples's disciplinary proceedings, Magistrate Judge Trumble concluded that the BOP had provided Staples with the protections articulated in Wolff, and had based its decisions on "some evidence" as required by Hill (Dkt. No. 24 at 10-16). Therefore, he recommended that the Court grant the respondent's motion to dismiss and deny and dismiss the Petition with prejudice. Id. at 16.

The R&R also informed Staples of his right to file "written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections." Id. It further warned him that the failure to do so may result in waiver of his right to appeal. Id. Staples filed timely objections to the R&R on August 19, 2016 (Dkt. No. 29).

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28

U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)). Failure to raise specific errors waives the claimant's right to a de novo review because "general and conclusory" objections do not warrant such review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Howard's Yellow Cabs, 987 F. Supp. at 474); see also Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D.W. Va. 2009). Indeed, failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

### III. DISCUSSION

Staples's lengthy objections to the R&R focus almost exclusively on the same background information and legal arguments he raised before Magistrate Judge Trumble (Dkt. No. 29). For the most part, these fail to identify specific errors in Magistrate Judge Trumble's findings and, in fact, contain few references to the R&R itself. Several of these references generally allege that Magistrate Judge Trumble should have made a "fair decision" or that he "erred in [his] decision." Id. at 4, 22. These reiterations and general objections place the Court under no obligation to conduct a de novo review. Diamond, 414 F.3d at 315.

When liberally construed, however, Staples's objections to specific portions of the R&R concern his double jeopardy and due process rights. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (noting that pro se objections should be "accorded leniency" and "construed to raise the strongest arguments that they suggest" (internal quotation omitted)). After conducting a de novo review of those matters, the Court discerns no errors in Magistrate Judge Trumble's recommendations.

**A.  Double Jeopardy**

In both his Petition and response to the motion to dismiss, Staples argues that he was "tried twice" and subjected to double

jeopardy regarding Incident Report #26722561 (Dkt. Nos. 1-2 at 19; 23 at 9). As Magistrate Judge Trumble discusses in the R&R, the record reflects that Staples received the report on January 16, 2015, and the DHO held a hearing on February 4, 2015. Due to Staples's procedural objections to the original report, it was reissued on April 7, 2015, and a second hearing was held on April 22, 2015 (Dkt. No. 17-3). The R&R did not directly address the double jeopardy issue, and Staples argues that Magistrate Judge Trumble "erred and dropped the ball" by failing to consider it (Dkt. No. 29 at 8).

Staples's double jeopardy argument and related objections are unavailing. Notably, "prison disciplinary sanctions do not preclude subsequent criminal prosecution for the same conduct under the Double Jeopardy Clause of the Fifth Amendment because Congress intended disciplinary proceedings to be civil in nature." United States v. Devaughn, 32 Fed. App'x 60 (4th Cir. 2002) (unpublished per curiam opinion). Courts that have considered the question have uniformly rejected the proposition that double jeopardy attaches in prison disciplinary proceedings. See, e.g., Portee v. Vannatta, 105 Fed. App'x 855, 858 (7th Cir. 2004) (citing Meeks v. McBride, 81 F.3d 717, 722 (7th Cir. 1996) ("[A]n acquittal in an earlier prison disciplinary hearing is no bar to a subsequent hearing to consider

the very same charge.")); Miranda-Gonzalez v. Garcia, 13 Fed. App'x 11 (1st Cir. 2001) (unpublished per curium opinion); Tallini v. Mitchell, No. 4:10-2242-MBS, 2011 WL 3159101, at *2 (D.S.C. July 26, 2011); Terron v. Kupec, No. AMD-01-2155, 2001 WL 34698403, at *1 (D. Md. July 30, 2001).

**B.   Due Process Objections**

Much of Staples's due process argument is tainted by his misconception that he has a "created liberty interest" in BOP Program Statement 5270.09, which includes the Inmate Discipline Program (Dkt. Nos. 1-2 at 13; 29 at 19-20). Staples objects that Magistrate Judge Trumble failed to consider that interest and reasons that each time the BOP allegedly failed to comply with its own procedures it violated his due process rights (Dkt. No. 29 at 20). However, "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Olim v. Wakinekona, 461 U.S. 238, 250 (1983).

Undoubtedly, Staples has a protected liberty interest in avoiding the withdrawal of good time credit, Wolff, 418 U.S. at 556-58. From a review of the record, however, it is clear Magistrate Judge Trumble properly applied the Supreme Court's Wolff

standard to determine whether Staples had received due process prior to the deprivation of his liberty (Dkt. No. 24 at 9).

### 1. Impartial Decisionmaker

In regard to Incident Report #2672561, where the report was reissued and reheard, Staples argues that Magistrate Judge Trumble improperly concluded that he was provided with an impartial fact finder (Dkt. No. 29 at 9, 20-21). Staples claims that the DHO could not have been impartial because she presided over both hearings on the report and, during the first hearing, amended the charge from a violation of Code 111 (Making of Intoxicants) to a violation of Code 113 (Possession of Intoxicants), based on the evidence presented (Dkt. Nos. 17-3 at 27; 29 at 21).

Undoubtedly, Staples is entitled to an impartial adjudicator that will not subject him to the "hazard of arbitrary decisionmaking." Wolff, 418 U.S. at 571. In order to ensure this protection, BOP regulations provide that "[t]he DHO will be an impartial decision maker who was not a victim, witness, investigator, or otherwise significantly involved in the incident." 28 C.F.R. § 541.8(b). In this case, there is no evidence that the DHO ran afoul of either the regulations or the Constitution. She was not involved in the incident itself, the investigation of Staples's infraction, the decision to bring charges against him, or

the Unit Discipline Committee's decision to refer the case to her. Accord Lucas v. English, No. 16-3174-JWL, 2016 WL 7326288, at *5 (D. Kan. Dec. 16, 2016); Ortiz v. Zuniga, No. 2:14-cv-2598, 2016 WL 6039010, at *8 (E.D. Cal. Oct. 14, 2016); Lewis v. Warden, U.S.P. Canaan, No. 3:14-cv-2325, 2016 WL 3156313, at *2 (M.D. Pa. June 2, 2016); Lee v. Lewis, No. 5:13-CT-3218-FL, 2016 WL 866326, at *7 (E.D.N.C. Mar. 3, 2016). The record does not support a finding that the DHO became biased simply because, during the first hearing, she concluded that the evidence supported a separate charge upon which Staples received an amended report and additional hearing. Therefore, the Court agrees with Magistrate Judge Trumble's conclusion that the BOP provided an impartial fact finder in compliance with the due process requirements of Wolff.

   2. **Weight of the Evidence**

In regard to Incident Reports #2693272 and #2701951, Staples argues that Magistrate Judge Trumble failed to objectively consider "the overwhelming greater weight of the evidence" that Staples presented (Dkt. No. 29 at 10-14). This objection is wholly without merit in light of the fact that a disciplinary decision need only be supported by "some evidence." Hill, 472 U.S. at 454-56. As Magistrate Judge Trumble noted in the R&R, this is a minimal standard and does not require examining the entire record,

independently assessing the credibility of witnesses, or even weighing the evidence. <u>Id.</u> at 455. The relevant question is "whether there is any evidence in the record that could support the [DHO's] conclusion." <u>Id.</u> at 457. After reviewing the record and the R&R, the Court agrees that, for each incident report at issue, "some evidence" supported the DHO's decision (Dkt. No. 24 at 10-15).

## IV. CONCLUSION

Following a <u>de novo</u> review of Staples's specific objections, and finding no clear error in those portions of the R&R not specifically objected to, for the reasons more fully stated in the R&R, the Court:

1. **ADOPTS** the R&R in its entirety (Dkt. No. 24);
2. **OVERRULES** Staples's objections (Dkt. No. 29);
3. **GRANTS** the respondent's motion to dismiss or for summary judgment (Dkt. No. 16); and
3. **DENIES** the Petition (Dkt. No. 1) and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to substitute Warden Joe Coakley, who has replaced Terry O'Brien as the warden at U.S.P. Hazelton, as the respondent in this case, and to transmit copies of this Order

to counsel of record and to the pro se petitioner, certified mail, return receipt requested. The Clerk is further **DIRECTED** to enter a separate judgment order and to remove this case from the Court's active docket.

**Dated:**     February 15, 2017.

>                               /s/ Irene M. Keeley
>                               IRENE M. KEELEY
>                               UNITED STATES DISTRICT JUDGE